IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Albertha Armstrong, | ) | C/A No. 1:15-443-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Arthur Armstrong, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      The defendant, Arthur Armstrong, a self-represented litigant, filed a notice of removal which purports to remove a Rule to Show Cause filed in the Barnwell County Family Court, No. 2007DR06000154. (ECF No. 1; ECF No. 1-2.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the pleadings in accordance with applicable law, the court concludes that this case should be remanded to the state court for lack of subject matter jurisdiction.

      Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chems. Co., Inc.,

29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that, when considering jurisdiction following removal, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

The defendant appears to rely on federal question jurisdiction to remove this state action and it is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). The state court action the defendant seeks to remove is associated with his obligation to pay child support ordered by the Barnwell County Family Court in November of 2007. (ECF No. 1-2.) However, a federal court has no original jurisdiction over such an action under 28 U.S.C. § 1441(a). See Wake Cnty. Human Servs. v. Davis, C/A No. 5:14-CV-3-F, 2014 WL 820148, at *7 (E.D.N.C. Mar. 3, 2014). Moreover, federal courts generally abstain from hearing matters involving domestic relations, to include actions related to divorce, alimony, child custody, and child support. See Cole v. Cole, 633

PJG

F.2d 1083, 1087-88 (4th Cir. 1980) (discussing the domestic relations exception); see also Griessel v. Mobley, 554 F. Supp. 2d 597, 601 (M.D.N.C. 2008) (finding that claims involving child support fall within the domestic relations exception to federal court jurisdiction).

The defendant argues in his notice of removal that his constitutional rights are being violated by state statutes. (ECF No. 1 at 1; ECF No. 1-3 at 1-2.) However, to the extent the defendant attempts to raise a defense to the family court action based on a federal statue or constitutional amendment, such defenses do not establish jurisdiction. See Merrell Dow Pharms, Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."). Because removal of this case under federal question jurisdiction is improper and no other basis of jurisdiction is apparent from the state court document attached to the notice of removal, the matter should be remanded to state court.

Accordingly, the court recommends that the district judge remand this matter to state court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 17, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).